FILED

2017 Nov-10  PM 01:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **GRANGE MUTUAL CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **4:17-CV-01263-VEH** |
| **INDIAN SUMMER CARPET MILLS, INC.; THE WATER WORKS AND SEWER BOARD OF THE CITY OF GADSDEN; and THE WATER WORKS AND SEWER BOARD OF THE TOWN OF CENTRE,** | ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSENT MOTION TO ENTER DECLARATORY
## RELIEF IN FAVOR OF PLAINTIFF

**COME NOW** Plaintiff Grange Mutual Casualty Company ("Grange") and Defendant Indian Summer Carpet Mills, Inc. ("Indian Summer"), a Defendant in the above-referenced case, and file this, their Consent Motion to Enter Declaratory Relief In Favor of Plaintiff, showing the Court as follows:

1.

On July 27, 2017, Grange filed a Complaint for Declaratory Judgment against Indian Summer, Defendant The Water Works and Sewer Board of the City of Gadsden ("Gadsden") and Defendant The Water Works and Sewer Board of the Town of Centre ("Centre"). (Doc. 1).

2.

In underlying lawsuits filed by Gadsden and Centre (hereinafter, collectively referred to as "the Underlying Lawsuits") Gadsden and Centre allege that Indian Summer and its co-Defendants manufacture carpets or other textile products in the Dalton, Georgia area, or supply chemical products to such manufacturers. Gadsden and Centre allege that Indian Summer and its co-Defendants discharge toxic chemicals in their industrial wastewater from their manufacturing facilities in or around Dalton and that these toxic chemicals resist water treatment at Dalton Utilities' wastewater treatment plant.   Gadsden and Centre allege in the Underlying Lawsuits that these toxic chemicals eventually seep into the Coosa River, which is their primary source for water, and that exposure to even low levels of these toxic chemicals causes heightened risk of testicular cancer, kidney cancer, ulcerative colitis, thyroid disease, high cholesterol and pregnancy-related hypertension.   As a consequence, Gadsden and Centre contend in the Underlying Lawsuits that they have sustained substantial economic and consequential damages, including future expenses for installing and operating a filtration system capable of removing the toxic chemicals, and lost profits and sales due to local residents not wanting to purchase water from them.

3.

Grange filed this action seeking a declaration that it does not owe a duty to defend or indemnity Gadsden or Centre in the Underlying Lawsuits pursuant to pollution exclusions in Grange's Commercial General Liability and Commercial Umbrella insurance policies.  (Doc. 1).

4.

Indian Summer filed its Answer to Grange's Complaint on September 13, 2017. (Doc. 13).

5.

Neither Gadsden nor Centre have filed an Answer to Grange's Complaint, and the Clerk entered a default against both Gadsden and Centre on September 27, 2017.  (Doc. 23).

6.

After reviewing the Complaint, the Grange policies at issue and applicable law, Indian Summer agrees that Grange does not have a duty to defend or indemnity Indian Summer with respect to the claims currently asserted against Indian Summer in the Underlying Lawsuits.

7.

Accordingly, in order to save unnecessary litigation expenses, Grange and Indian Summer respectfully request that the Court enter the Consent Order attached hereto, declaring that Grange does not have a duty to defend or indemnify Indian Summer with respect to the claims currently asserted against Indian Summer in the Underlying Lawsuits. The proposed order does not affect the rights of Gadsden or Centre (the plaintiffs in the Underlying Lawsuits), against whom Grange will be seeking default judgments.

| | |
|---|---|
| /s/ Philip W. Savrin | /s/ Stephen F.Casey |
| Philip W. Savrin | Stephen F. Casey |
| *Admitted Pro Hac Vice* | Alabama State Bar No. CAS001 |
| psavrin@fmglaw.com | scasey@joneswalker.com |
| William H. Buechner, Jr. | Emily Sides Bonds |
| *Admitted Pro Hac Vice* | Alabama State Bar No. BON014 |
| bbuechner@fmglaw.com | ebonds@joneswalker.com |
| FREEMAN MATHIS & GARY, LLP | J. David Moore |
| 100 Galleria Parkway | Alabama State Bar No.  MOO076 |
| Suite 1600 | dmoore@joneswalker.com |
| Atlanta, GA 30339-5948 | JONES WALKER LLP |
| T:  (770) 818-0000 | 1819 5th Avenue North, Suite 1100 |
| F:  (770) 937-9960 | Birmingham, AL  35203 |
| | T:  (205) 244-5200 |
| /s/ Kori L. Clement | F:  (205) 244-5400 |
| Kori L. Clement (*with express permission*) | |
| Alabama State Bar No. CLEMK5125 | |
| clem@harelaw.com | |
| HARE & CLEMENT, P.C. | |
| 100 Chase Park South | |
| Suite 200 | |
| Hoover, Alabama 35244 | |
| T: (205) 322-3040 | |

| F: (205) 403-4975 | |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendant Indian Summer Carpet Mills, Inc. |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **CONSENT MOTION TO ENTER DECLARATORY RELIEF IN FAVOR OF PLAINTIFF** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Stephen F. Casey
Emily Sides Bonds
J. David Moore
JONES WALKER LLP
One Federal Place
1819 5th Avenue North, Suite 1100
Birmingham, AL 35203

This 10th day of November, 2017.


*/s/ Philip W. Savrin*
Philip W. Savrin
*Admitted Pro Hac Vice*
psavrin@fmglaw.com

Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
T: (770) 818-0000
F: (770) 937-9960