IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **GRANGE MUTUAL CASUALTY COMPANY,** ) ) ) **Plaintiff,** ) ) v. ) ) **INDIAN SUMMER CARPET MILLS, INC.; THE WATER WORKS AND SEWER BOARD OF THE CITY OF GADSDEN; and THE WATER WORKS AND SEWER BOARD OF THE TOWN OF CENTRE,** ) ) ) ) ) ) ) ) ) ) **Defendants.** ) | **Case No.: 4:17-CV-1263-VEH** |

## MEMORANDUM OPINION AND ORDER

**I. Introduction**

Plaintiff Grange Mutual Casualty Company ("Grange") initiated this insurance coverage dispute on July 27, 2017, pursuant to the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201(a). (Doc. 1). Grange seeks "[a] declaration that [it] has no legal obligation to defend or indemnify Indian Summer for the claims asserted [in the Underlying Gadsden and Centre Lawsuits]." (*Id.* at 19 ¶ 39(a)). The Act provides that "[i]n any case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). However, "[e]ven if there is a case or controversy, 'district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.'" *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 2140, 132 L. Ed. 2d 214 (1995)).

Pending before the Court is a Consent Motion To Enter Declaratory Relief in Favor of Plaintiff (doc. 25) (the "Consent Motion") filed by Grange and Defendant Indian Summer Carpet Mills, Inc. ("Indian Summer") on November 10, 2017. These moving parties ask this Court to enter a consent order (*id.* at 3-4 ¶¶ 6-7) establishing that Grange has no duty to defend or indemnify Indian Summer in two separate underlying (and still pending) water pollution lawsuits–4:16-CV-1755-KOB (the "Underlying Gadsden Lawsuit") and 4:17-CV-1026-KOB (the "Underlying Centre Lawsuit"). The proposed consent order (doc. 25-1) is attached to the Consent Motion.

Defendants Water Works and Sewer Board of the City of Gadsden and Water Works and Sewer Board of the City of Centre are not parties to the Consent Motion and are in default. (Doc. 23). Grange and Indian Summer indicate that "the proposed order does not affect the rights of Gadsden or Centre (the plaintiffs in the Underlying

2

Lawsuits), against whom Grange will be seeking default judgments." (Doc. 25 at 4 ¶ 7).

For those reasons explained below, any ruling on the Consent Motion is **RESERVED** pending Grange's right to replead and otherwise address the Court's jurisdictional/discretionary concerns as set out below.

## II.  Standards

### A.  General Principles Governing Subject Matter Jurisdiction

Unlike state courts, federal tribunals are bodies of limited jurisdiction, meaning that the grounds for the Court's jurisdiction over the claims asserted by the plaintiff must be present at the time the complaint is filed and must be obvious on the face of the complaint. FED. R. CIV. P. 8(a). The law is clear that Grange, the party seeking to invoke federal jurisdiction in this case, has the burden to demonstrate that the Court has subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936) ("They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor …. [and a]s he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court.").

Further, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle*

*Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000). Consequently, the Court cannot ignore jurisdictional concerns even if the parties have none.

Relatedly, the parties can neither manufacture the existence nor waive a want of subject matter jurisdiction. *See, e.g., Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18, 71 S. Ct. 534, 542, 95 L. Ed. 702 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties."); *Sosna v. Iowa*, 419 U.S. 393, 398, 95 S. Ct. 553, 556-57, 42 L. Ed. 2d 532 (1975) ("While the parties may be permitted to waive nonjurisdictional defects, they may not by stipulation invoke the judicial power of the United States in litigation which does not present an actual 'case or controversy,' and . . . we feel obliged to address the question of mootness [or ripeness] before reaching the merits of appellant's claim.") (citation omitted); *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case[,] and cannot be waived or otherwise conferred upon the court by the parties.") (footnote omitted).

**B.   Ripeness**

The Eleventh Circuit has explained that the doctrine of ripeness–one subset of Article III's framework for confirming the presence of a constitutionally-sound case

or controversy–involves both constitutional <u>and</u> prudential considerations:

> When determining if a claim is ripe for judicial review, we consider both constitutional and prudential concerns. In some circumstances, although a claim may satisfy constitutional requirements, prudential concerns "counsel judicial restraint." *See Digital*, 121 F.3d at 589 (quoting *Action Alliance of Senior Citizens v. Heckler*, 789 F.2d 931, 940 n.12 (D.C. Cir. 1986)). Our inquiry focuses on whether the claim presented is "of sufficient concreteness to evidence a ripeness for review." *Id.* Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes. *See id.*
>
> Our ripeness inquiry requires a two part "determination of (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Id.* (citing *Abbott Lab. v. Gardner*, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 1515-16, 18 L. Ed. 2d 681 (1967)[, *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 984, 51 L. Ed. 2d 192 (1977)]; *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995)). . . .
>
> We have also recognized that the ripeness doctrine . . . protects courts from abusing their role within the government and engaging in speculative decision-making . . . .

*Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005).

Further, if a claim is not ripe for review, the Eleventh Circuit has clarified that:

[T]he dismissal . . . [is one] without prejudice. Because the general-access claim was not ripe for review, the district court did not have subject matter jurisdiction over the claim. *See Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) ("The determination of ripeness 'goes to whether the district court had subject matter jurisdiction to hear the case.'" (citing *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989))). <u>Thus, the district court could not have adjudicated the merits of the general-access claim</u>

5

<u>or dismissed that claim with prejudice</u>. *See Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (changing a dismissal "with prejudice" to a dismissal "without prejudice" on the basis that "the court lacked subject matter jurisdiction over the action" and hence "had no power to render a judgment on the merits").

*Georgia Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999) (emphasis added).

## III.  Analysis

Grange asserts that subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (only) exists in this declaratory judgment action. (Doc. 1 at 1 ¶ 7). The Court has reviewed the sufficiency of Grange's underlying diversity allegations. While Grange explains in detail how § 1332's citizenship prong is met (*id.* at 1-3 ¶¶ 1-5), Grange's jurisdictional allegation in support of the amount-in-controversy prong is limited to one conclusory sentence:  "The amount in controversy exceeds $75,000." (*Id.* at 3 ¶ 6).

"The fact that [Grange] seek[s] declaratory relief under 28 U.S.C. § 2201, does not absolve [it] of the necessity of bringing themselves within a jurisdictional statute." *Appling Cty. v. Mun. Elec. Auth. of Georgia*, 621 F.2d 1301, 1303 (5th Cir. 1980).[1] When a plaintiff is seeking declaratory relief under an insurance policy, the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

"jurisdiction is based on a claim for indeterminate damages . . . and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors*, *LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000)).

Grange does not clarify in its complaint which declaratory claim(s) (*i.e.*, the duty to defend, the duty to indemnify, or both) it relies upon to exceed § 1332(a)'s $75,000 threshold exclusive of interests and costs. 28 U.S.C. § 1332(a). Grange also makes no attempt to quantify the value of its declaratory claims and/or the claims at stake in the Underlying Gadsden and Centre Lawsuits.[2]

Additionally, as the Underlying Gadsden and Centre Lawsuits are both still pending and Indian Summer's liability in those cases (if any) is still uncertain, the Court has questions about whether Grange's declarative claim concerning indemnity

---

[2] The Court acknowledges that Grange has attached several documents to its complaint. (Docs. 1-1 to 1-10). However, it is Grange's burden to explain–within the jurisdictional section of its complaint–to what extent (if any) these exhibits substantiate the amount in controversy. *See* FED. R. CIV. P. (8)(a)(1) (indicating that "a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction[.]").

is ripe for adjudication.[3] *Compare Am. Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960) ("The District Court was careful to make his dismissal without prejudice to those further rights, and it was well within its considered judicial discretion to decline to express legal opinions on academic theoreticals which might never come to pass."), *and Allstate Ins. Co. v. Employers Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("We have held that no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." (citing *Am. Fidelity*, 280 F.2d at 461)), *and Great N. Paper Co. v. Babcock & Wilcox Co.*, 46 F.R.D. 67, 70 (N.D. Ga. 1968) (treating *Am. Fidelity* as a constitutional dismissal and finding that dispute over indemnity "does not become a relevant 'case or controversy' for judicial purposes until underlying liability is established"), *with Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 274, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941) (concluding that even though the underlying action was still pending, "[i]t is clear that there is an actual controversy between the petitioner [*i.e.*, the insurer] and the insured"), *and Edwards v. Sharkey*,

---

[3] Grange's duty-to-defend declarative claim is ripe, but depending upon repleader and briefing may or may not independently satisfy the amount in controversy.

747 F.2d 684, 686, 687 (11th Cir. 1984) (describing *Am. Fidelity* as a discretionary dismissal, but alternatively indicating that "even if there was no 'case or controversy' before the district court because of the lack of a judgment against the insured, the settlement of the tort actions provides the necessary establishment of the insured's liability"), *and Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 775 n.10 (11th Cir. 2011) (rejecting ripeness challenge on the basis of *Maryland Casualty* holding and distinguishing *Am. Fidelity* as an appeal "involv[ing] how liability for unresolved claims should be apportioned between several insurance companies"), *and MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark, N.J.*, 558 F. Supp. 596, 599, 600 (S.D. Ala. 1983) (characterizing *Am. Fidelity* as a discretionary dismissal and concluding that "[e]ven if the plaintiff had such standing, the court in the exercise of discretion would decline to entertain the [indemnity] action at this time"), *and Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1210 (S.D. Ala. 2005) ("Based on *Maryland Casualty*, the consistent approach of other circuits, and the absence of any contrary Eleventh Circuit precedent, the Court concludes that the complaint presents an 'actual controversy' under the Act despite the absence of a verdict or settlement against the plaintiff's insureds."); *cf. also Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005) (agreeing that a duty-to-indemnify determination is "premature" because

9

"[w]hether there is a duty to indemnify under the policy will depend on the facts adduced at the trial . . . .").

Further, this Court has recently held in another coverage case (involving both the duty to defend and the duty to indemnify) that it cannot retain jurisdiction over an unripe indemnity claim. Instead, the Court must dismiss that claim without prejudice for lack of subject matter jurisdiction–just as it would with any unripe claim asserted outside of the insurance coverage context. *See Penn-Star Ins. Co. v. Swords*, No. 4:17-CV-1041-VEH, 2017 WL 4180889, at *8-9 (N.D. Ala. Sept. 21, 2017) (relying upon analysis in *Canal Insurance Co. v. INA Trucking, LLC*, No. 1:16-CV-82-MHT-SRW, 2017 WL 1146984 (M.D. Ala. Mar. 10, 2017), to persuasively support dismissal of unripe indemnity claim).[4]

**IV. Conclusion**

Accordingly, Grange is **HEREBY ORDERED** to replead its complaint in a manner that substantiates the amount-in-controversy component by a preponderance of the evidence. Grange is further **HEREBY ORDERED** to brief the Court on the following issues:[5] (i) the reasons why it contends this Court should find that its

---

[4] The parties in *Swords* agreed that the indemnity claim was not ripe. *Swords*, 2017 WL 4180889, at *7.

[5] Grange must use pinpoint citations to all authorities included in its brief.

indemnity claim is both constitutionally and prudentially ripe; (ii) to what extent the Court (because diversity has been invoked) must (or should) rely upon Alabama law regarding "premature" indemnity claims to inform its determination concerning constitutional and prudential ripeness;[6] (iii) to what extent the Court may consider the value of an unripe indemnity claim when evaluating whether the amount-in-controversy prong is met;[7] (iv) to what extent the Court may consider the value of the

---

[6] "'Under the *Erie* doctrine, a federal court adjudicating state law claims applies the substantive law of the state.'" *Sphinx Intern., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005) (quoting *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1232 (11th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938))). Moreover, the substantive law of the state governs the interpretation of insurance contracts. *Provau v. State Farm Mut. Ins. Co.*, 772 F.2d 817, 819 (11th Cir. 1985). Hence, the insurance contract issues in this case are governed by Alabama law.

[7] If Grange takes the position that this Court can consider the value of an unripe indemnity claim when evaluating the amount in controversy, it must identify authority that follows such an approach and also must address the reasoning utilized in the following cases that hold differently in the context of an unripe bad-faith claim (arising under Florida law). *Cf. Brown v. Safeco Ins. Co. of Illinois*, No. 6:13-CV-1982-ORL-31, 2014 WL 1478833, at *1 (M.D. Fla. Apr. 14, 2014) ("[T]he Court abated Plaintiff's bad faith claim as premature, and a non-ripe bad faith claim has zero value with regard to the amount in controversy."); *Marquez v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-241-ORL-36, 2014 WL 2968452, at *2 (M.D. Fla. June 30, 2014) (rejecting insurer's argument that "the *Brown* decision was *based* upon the bad faith claim being abated" and concluding instead that, "the value of Plaintiff's bad faith claim is not contingent on that claim being dismissed or abated") (emphasis in original); *Wallace v. Geico Gen. Ins. Co.*, No. 8:14-CV-1755-T-30AEP, 2014 WL 4540328, at *1 (M.D. Fla. Sept. 11, 2014) (concluding that in the absence of "a final determination as to liability and damages" with respect to the underlying claim, "this Court cannot determine that the value of the bad faith claim meets the jurisdictional threshold of $75,000"); *Warner v. Safeco Ins. Co. of Illinois*, No. 8:14-CV-2652-T-36TGW, 2014 WL 12614501, at *2 (M.D. Fla. Dec. 15, 2014) (rejecting "suggesti[on] that the allegations in the bad faith claim may be used to establish the amount in controversy for the coverage claim"); *Montanez v. Integon Indem. Corp.*, No. 6:15-CV-25-ORL-22KRS, 2015 WL 12839272, at *2 (M.D. Fla. Apr. 1, 2015) ("The Court agrees with the authorities from within this District finding that a premature bad faith claim has no present value for purposes of determining the amount of controversy."); *Berg v. Cigna Life*

declarative claims in both the Underlying Gadsden and Centre Lawsuits collectively;[8] and (v) to what extent the Court may discretionarily dismiss this coverage action on judicial-resource grounds (and assuming that subject matter jurisdiction does exist) in light of the fact that Grange and Indian Summer–by virtue of their agreement concerning the absence of coverage–are no longer adverse parties and the remaining Defendants in this action are in default and, as a consequence of their inactive status, have taken no position regarding the merits of Grange's declaratory relief.[9]

---

*Ins. Co. of New York*, No. 2:15-CV-270-FTM-38CM, 2015 WL 12843197, at *1 (M.D. Fla. May 6, 2015) (ordering plaintiff to show cause regarding subject matter jurisdiction given her reliance upon "her non-ripe bad faith claim to meet the amount in controversy prong").

[8] As Judge Steele observed in *All Seasons*:

> The plaintiff's general allegation that "the amount in controversy . . . exceeds the sum of $75,000," (Doc. 1, ¶ 8), does not cover these deficiencies. At most, it serves as a representation that the cumulative value to the plaintiff of a declaration absolving it of responsibility to pay verdicts or settlements in four cases brought against All Seasons and/or WHS totals in excess of $75,000. It is doubtful, however, that the plaintiff can add the value of such a declaration vis-a-vis All Seasons to the value of such a declaration vis-a-vis WHS. It is further unclear whether the plaintiff can add together the value of a declaration for each of four underlying lawsuits, especially without a showing that such a declaration would depend on the same considerations in each case.

*All Seasons*, 387 F. Supp. 2d at 1208 (footnote omitted). Judge Steele ultimately determined that a discretionary dismissal of the indemnity-only coverage case in *All Seasons* was appropriate based upon his understanding of the former Fifth Circuit's holding in *Am. Fidelity*. *Id.* at 1211- 12. However, Judge Steele "would have require[d] briefing on these and related jurisdictional issues" had "th[e] case [otherwise] survive[d] the movants' motion to dismiss." *Id.* at 1208.

[9] *See Wilton*, 515 U.S. at 290, 115 S. Ct. at 2144 ("We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or <u>cases in which there are no parallel state proceedings</u>.") (emphasis added); *see also Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005) ("We agree with

The deadline for Grange to replead and file its brief is no later than December 18, 2017. Any ruling on the Consent Motion is **RESERVED** pending the Court's consideration of Grange's repleader and briefing efforts. **If Grange fails to meet this deadline and/or fails to adequately demonstrate the existence of subject matter jurisdiction by a preponderance of the evidence, then this entire action will be dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(1)**.

**DONE** and **ORDERED** this 17th day of November, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

our sister circuits[, *i.e.*, the Fourth, Sixth, and Tenth] that a federal district court is afforded greater discretion in determining whether to exercise jurisdiction over a declaratory judgment action than in other circumstances."); *id*. ("We also agree that the district court's discretion is limited when no parallel proceedings are pending in state court, because in those circumstances there are less-pressing interests of practicality and wise judicial administration."). In *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit adopted a non-exhaustive list of abstention factors for a district court to consider when a parallel case is pending in state court, *id*. at 1330-31, "in furtherance of the Supreme Court's admonitions in *Brillhart* [*v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)] and *Wilton*." *Ameritas*, 411 F.3d at 1331. What remains less clear within the Eleventh Circuit is the level of discretion and/or framework applicable when a parallel proceeding is absent from the discretionary equation. *Cf. Swords*, 2017 WL 4180889, at *6 ("The Court does not need to analyze the *Ameritas* factors because this [is] not a case of parallel litigation.").