UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.: 4:17-CV-01263-ACA ) |
| INDIAN SUMMER CARPET MILLS, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND CONSENT ORDER
## ENTERING DECLARATORY RELIEF IN FAVOR OF PLAINTIFF

Plaintiff Grange Mutual Casualty Company ("Grange") initiated this declaratory judgment action against defendants Indian Summer Carpet Mills, Inc. ("Indian Summer"), the Water Works and Sewer Board of the City of Gadsden, ("Gadsden") and the Water Works and Sewer Board of the Town of Centre ("Centre"), invoking this court's diversity jurisdiction. (*See* Doc. 1).[1] For its relief, Grange asks the court to declare that Grange has no duty to defend or indemnify Indian Summer for claims asserted against Indian Summer by the Water Works Defendants in two separate underlying water pollution lawsuits. (Docs. 1

---

[1] The Water Works and Sewer Board of the City of Gadsden and the Water Works and Sewer Board of the Town of Centre are collectively referred to as the Water Works Defendants. The Water Works Defendants were served with the complaint on August 21, 2017 (docs. 9 and 10), but they have not appeared in this action and are in default. (Doc. 23).

and 28). In the two underlying lawsuits, the Water Works Defendants allege that Indian Summer and numerous other defendants discharged toxic chemicals that contaminated the water in the Coosa River, causing them to suffer damages, which include past and present monitoring and testing expenses, lost revenue and profits, and expenses for remediating their water systems. (Docs. 28-1 and 28-2). The Water Works Defendants assert negligence, nuisance, trespass, and wantonness claims against Indian Summer and other defendants in these underlying actions, and seek punitive damages and injunctive relief. (Docs. 28-1 and 28-2).

This action is before the court on Grange and Indian Summer's consent motion to enter declaratory relief in favor of the plaintiff. (Doc. 25). The court, (Hopkins, J.), previously reserved ruling on the consent motion and ordered Grange to brief the court on various issues, including whether Grange's indemnity claim is ripe for adjudication, and to file an amended complaint demonstrating that the amount in controversy meets the requirement for diversity jurisdiction. (Doc. 26). Grange responded to the court's order by filing an amended complaint and additional briefing on December 18, 2017. (Docs. 27 and 28). Upon consideration of the amended complaint, the consent motion, and Grange's additional briefing, and for the reasons explained below, the court finds that it has jurisdiction over Grange's declaratory judgment claims, that Grange's indemnity claim is ripe for adjudication, and that the consent motion is due to be granted.

## I. DISCUSSION

### A. The Court's Jurisdiction Over this Action

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). As the party seeking federal jurisdiction, Grange bears the burden of establishing the existence of subject matter jurisdiction in this action. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

Grange filed this declaratory judgment action in diversity. (Doc. 1 at 3). The court has diversity jurisdiction when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). "In a declaratory judgment action, 'for amount in controversy purposes, the value of declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective.' . . . Thus, when an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of potential liability under its policy." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 Fed. Appx. 861, 865 (11th Cir. 2016) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) and *Stonewall Ins. Co. v. Lopez*, 544 F2d 198, 199 (5th Cir. 1976)) (alterations and emphasis in original omitted).

In its amended complaint, Grange alleged facts establishing complete diversity of citizenship. (Doc. 28 at 1-3). With respect to the amount-in-controversy requirement, Grange asserts that the cost of defending Indian Summer in the underlying actions will exceed $75,000. (Doc. 28 at 3). In support of its assertion, Grange submitted a declaration stating that the defense counsel retained by Grange to defend Indian Summer in the two underlying actions estimates that the pre-trial defense costs will be $91,300. (Doc. 27-1 at 4). Based on the estimated defense costs alone, Grange's potential liability exceeds $75,000, exclusive of costs and interest, and the amount-in-controversy requirement is satisfied.[2] Thus, the court has subject matter jurisdiction over Grange's declaratory judgment claims.

### B. Grange's duty to indemnify claim is ripe.

Grange asks the court to declare that it has no duty to defend or indemnify Indian Summer for claims asserted against it in the underlying actions. (Docs. 1 and 28). Because those underlying actions are still pending and Indian Summer's potential liability has not been determined, the court, (Hopkins, J.), ordered Grange

---

[2] The court may consider the aggregate costs for defending Indian Summer in the two underlying lawsuit to determine whether the amount-in-controversy requirement is satisfied. *See Giovanno v. Fabec*, 804 F.3d 1361, 1365 (11th Cir. 2015) (finding that the amount-in-controversy requirement was satisfied when a plaintiff's "complaint [] asserted various causes of action and claimed damages that, in the aggregate, were greater than $75,000").

to submit briefing regarding whether its claim is ripe with respect to its duty to indemnify. (Doc. 26 at 7-12).[3]

An insurer's duty to defend is broader than its duty to indemnify, and if there is no duty to defend, there is also no duty to indemnify. *Shafe v. Am. States Ins. Co.*, 653 S.E. 2d 870, 873-075 (Ga. App. 2007).[4] As a result, if an insurer has no duty to defend an insured, a declaratory judgment claim regarding the insurer's duty to indemnify is ripe even if the underlying action is still pending. *See, e.g., Nat'l Cas. Co. v. Pickens* 582 Fed. Appx. 839, 839 (11th Cir. 2014) (affirming the district court order finding that the insurer "did not have a duty to defend, and thus did not have a duty to indemnify [the insured] in the state court action"); *Auto-Owners Ins. Co. v. McMillan Trucking Inc.*, 242 F. Supp. 3d 1259, 1266 (N.D. Ala. 2017) (citations omitted).

In this case, Grange and Indian Summer agree that Grange does not have a duty to defend Indian Summer in the underlying actions based on the pollution exclusion in Grange's Commercial General Liability and Commercial Umbrella

---

[3] The court, (Hopkins, J.), acknowledged that Grange's claim with respect to its duty to defend is ripe. (Doc. 26 at 8, n.3).

[4] "[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) (citation omitted). Absent a choice of law clause in the contract, Alabama courts apply the law of the state where the contract was formed to questions of contract interpretation. *Cherokee Ins. Co. v. Sanches*, 975 So. 2d 287, 292-93 (Ala. 2007) (citations omitted). Thus, Georgia law applies to the interpretation of the insurance policies at issue because the policies were issued and delivered to Indian Summer in Georgia. *See id.* at 293; (Doc. 28-3 at 3).

insurance policies. (Doc. 25 at 3). Indeed, the insurance policies at issue do not apply to claims of "'[b]odily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' . . . ." (Doc. 28-3 at 28).[5] The Supreme Court of Georgia has held that pollution exclusions such as the exclusion contained in the Grange policies are enforceable and apply to environmental claims similar to the claims asserted against Indian Summer in the underlying lawsuits. *See Racetrac Petroleum, Inc. v. Ace American Ins. Co.*, 841 F. Supp. 2d 1286, 1291-92 (N.D. Ga. 2011) (citing Reed v. Auto-Owners Ins. Co., 667 S.E. 2d 90, 91-92 (Ga. 2008); *Ga. Farm Bureau Mut. Ins. Co. v. Smith* 784 S.E. 2d 422, 425-26 (Ga. 2016) (citations omitted).

Based on the pollution exclusion in the Grange insurance policies and the consent of Grange and Indian Summer, the court finds that Grange does not have a duty to defend Indian Summer for the claims asserted against it by the Water Works Defendants in the two underlying actions. Because Grange does not have a duty to defend Indian Summer, Grange's claim with respect to its duty to indemnify is ripe for adjudication, and Grange does not have a duty to indemnify Indian Summer in the underlying actions. Accordingly, Grange and Indian

---

[5] The Grange policies define "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." (Doc. 28-3 at 39).

Summer's consent motion to enter declaratory relief in favor of plaintiff is due to be granted.

## II. CONCLUSION AND CONSENT ORDER

Based on the foregoing and the consent of Grange and Indian Summer, the consent motion to enter declaratory relief in favor of plaintiff, (Doc. 25), is **GRANTED**.

The Court declares that Grange does not have a duty to defend or indemnify Indian Summer with respect to the claims currently asserted against Indian Summer by Gadsden in the pending lawsuit styled *The Water Works and Sewer Board of the City of Gadsden v. Indian Summer Carpet Mills, Inc., et al.*, Civil Action No. 31-CV-2016-900676.00 (Circuit Court of Etowah County, Alabama) (hereinafter, "the underlying Gadsden lawsuit"). More specifically, Grange does not have a duty to defend or indemnity Indian Summer for the claims currently asserted by Gadsden against Indian Summer in the underlying Gadsden lawsuit, under either the Commercial General Liability Policy (policy numbers CPP 2618437-00, CPP 2618437-01, CPP 2618437-02, CPP 2618437-03) or the Commercial Liability Umbrella Policy (policy numbers CUP 2618438-00, CUP 2618438-01, CUP 2618438-02 and CUP 2618438-03) issued by Grange to Indian Summer.

Likewise, the Court declares that Grange does not have a duty to defend or indemnify Indian Summer with respect to the claims currently asserted against Indian Summer by Centre in the pending lawsuit styled *The Water Works and Sewer Board of the Town of Centre v. Indian Summer Carpet Mills, Inc., et al.*, Civil Action No. 13-CV-2017-900406.00 (Circuit Court of Cherokee County, Alabama) (hereinafter, "the underlying Centre lawsuit"). More specifically, Grange does not owe a duty to defend or indemnity Indian Summer for the claims currently asserted by Centre against Indian Summer in the underlying Centre lawsuit, under either the Commercial General Liability Policies (policy numbers CPP 2618437-00, CPP 2618437-01, CPP 2618437-02, CPP 2618437-03) or the Commercial Liability Umbrella Policies (policy numbers CUP 2618438-00, CUP 2618438-01, CUP 2618438-02 and CUP 2618438-03) issued by Grange to Indian Summer.

Grange and Indian Summer shall pay their own attorney's fees and costs with respect to Grange's request for declaratory relief against Indian Summer. In addition, because this order concerns declaratory relief, it is not binding on third parties including Gadsden and Centre, the plaintiffs in the underlying lawsuits.

Also pending before the court is Indian Summer's motion to enlarge the time to respond to Grange's amended complaint. (Doc. 29). The court directs the clerk to please term the motion as **MOOT**.

**DONE** and **ORDERED** this July 23, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

CONSENTED TO BY:

| | |
|---|---|
| */s/ Philip W. Savrin* <br> Philip W. Savrin <br> *Admitted Pro Hac Vice* <br> psavrin@fmglaw.com <br> William H. Buechner, Jr. <br> *Admitted Pro Hac Vice* <br> bbuechner@fmglaw.com <br> FREEMAN MATHIS & GARY, LLP <br> 100 Galleria Parkway <br> Suite 1600 <br> Atlanta, GA 30339-5948 <br> T: (770) 818-0000 <br> F: (770) 937-9960 <br> <br> */s/ Kori L. Clement* <br> Kori L. Clement (*with express permission*) <br> Alabama State Bar No. CLEMK5125 <br> clem@harelaw.com <br> HARE & CLEMENT, P.C. <br> 100 Chase Park South <br> Suite 200 <br> Hoover, Alabama 35244 <br> T: (205) 322-3040 <br> F: (205) 403-4975 <br> <br> Attorneys for Plaintiff | */s/ Stephen F. Casey* <br> Stephen F. Casey <br> Alabama State Bar No. CAS001 <br> scasey@joneswalker.com <br> Emily Sides Bonds <br> Alabama State Bar No. BON014 <br> ebonds@joneswalker.com <br> J. David Moore <br> Alabama State Bar No. MOO076 <br> dmoore@joneswalker.com <br> JONES WALKER LLP <br> 1819 5th Avenue North, Suite 1100 <br> Birmingham, AL 35203 <br> T: (205) 244-5200 <br> F: (205) 244-5400 <br> <br> Attorneys for Defendant Indian Summer Carpet Mills, Inc. |