FILED
2018 Oct-29  PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **GRANGE MUTUAL**<br>**CASUALTY COMPANY,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 4:17-cv-01263-ACA** |
| | ] | |
| **INDIAN SUMMER CARPET** | ] | |
| **MILLS, INC.; THE WATER** | ] | |
| **WORKS AND SEWER BOARD** | ] | |
| **OF THE CITY OF GADSDEN;** | ] | |
| **and THE WATER WORKS AND** | ] | |
| **SEWER BOARD OF THE** | ] | |
| **TOWN OF CENTRE,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## ORDER

This action is before the court on Plaintiff Grange Mutual Casualty Company's ("Grange") motion for default judgment against Defendant The Water Works and Sewer Board of the City of Gadsden and Defendant The Water Works and Sewer Board of the Town of Centre (collectively the "Water Works Defendants"). (Doc. 33). Grange filed its complaint for declaratory judgment against Indian Summer Carpet Mills, Inc. ("Indian Summer") and the Water Works Defendants seeking a declaration that it had no duty to defend and/or indemnify Indian Summer in two separate lawsuits arising from environmental contamination of the water source used by the Water Work Defendants. (Doc. 1).

The court previously entered an order finding that Grange does not owe a duty to defend or indemnify Indian Summer because the policies at issue contain pollution exclusions.  (Doc. 31 at 5–6).  This determination deprives the Water Work Defendants of the vested interest necessary to make a direct claim against Grange. *Admiral Ins. Co. v. Price-Williams*, 129 So. 3d 991, 997 (Ala. 2013) (pursuant to Alabama's direct-action statute "[t]he injured party . . . can bring an action against the insurer only after he has recovered a judgment against the insured and *only if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor*.").  In the absence of any interest in the policies on the part of the Water Works Defendants, there is no issue that effects the rights of the litigants and the case is no longer a real case or controversy over which the court can exercise jurisdiction.  *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 735 (11th Cir. 2018).

Grange obtained all the relief it sought in its complaint in the Court's July 2018 order and there exists no case or controversy between Grange and the Water Works Defendants.  Accordingly, the court **DISMISSES AS MOOT** the remaining claims asserted against the Water Works Defendants and **DENIES AS MOOT** Grange's motion for default judgment.  As no remaining claims remain against any Defendant, the court **DIRECTS** the Clerk of Court to close this case.

**DONE** and **ORDERED** this October 29, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE